**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DAN BUNKERING (AMERICA) INC.** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.: 1:19-cv-243** |
| **IVER BLESSING** *in rem* **and** | § | |
| **HB TANKSHIP I.V. BV** *in personam* | § | |
| **Defendant.** | § | |

**VERIFIED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Dan Bunkering (America) Inc. ("Dan Bunkering") who files this Verified Complaint against defendants, IVER BLESSING, her engines, freight, tackle, appurtenances, apparel, etc., *in rem*, and HB Tankship I.V. BV ("HB Tankship"), *in personam*, seeking a warrant of maritime arrest pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, as well as damages for amounts owed for breach of contract.

Plaintiff respectfully represents upon information and belief as follows:

**JURISDICTION**

1. This is an admiralty and maritime claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, Supplemental Rules C for Certain Admiralty and Maritime Claims, Federal Rule of Civil Procedure 9(h), and the supplemental jurisdiction of this Court pursuant to U.S.C. § 1367.

## **PARTIES**

2.  Plaintiff Dan Bunkering (America) Inc. is a Texas corporation with its principal place of business in Texas and was, and is, a supplier of bunker fuel to vessels.

3.  Defendant IVER BLESSING is a GIBRALTAR flagged vessel, bearing IMO No. 9588287. The IVER BLESSING is now, or will be during the pendency of process hereunder, within this Judicial District and within the jurisdiction of this Honorable Court, and upon information and belief, is or will be moored in Mobile, Alabama.

4.  Defendant HB Tankship I.V. BV is a foreign corporation not registered to do business in Alabama.

## **FACTS**

**(a) Overview**

5.  Dan Bunkering is in the business of supplying bunkers to vessels.

6.  The bunkers are provided pursuant to Dan Bunkering's Standard Terms and Conditions of Sale, dated December 1, 2017, a copy of which is attached as **Exhibit 1**.

7.  Insofar as is relevant, Dan Bunkering's Standard Terms and Conditions of Sale provide:

- Section 5.3:

If any sum due pursuant to any Contract is not paid within the agreed time or if contrary to the provisions herein payment is withheld or set-off for any reason the Buyer shall pay compensation to the Seller of 20% (twenty per cent) of the outstanding amount. Such compensation is a reasonable pre-estimate of the Seller's loss, considering the additional management time incurred in dealing with late payment, the loss of opportunity to reinvest the missing funds and currency exchange fluctuations. This late payment compensation is payable in addition to the Price and accrued interest.

- Section 5.7

Without prejudice to any other rights or remedies available to the Seller the Buyer shall pay interest to the Seller at the rate of 2% (two per cent) per month (compounded monthly for each month, or part thereof,) on all balances that remain unpaid from the date that they were due or, upon the withdrawal of credit, became due for payment. The Seller may issue interest notes which shall be binding as to the amount of interest due. The Buyer's obligation to pay interest is not conditional upon interest notes being issued.

- Section 5.9

If the Seller incurs any costs in relation to attempts to collect any overdue sums the Buyer shall indemnify the Seller for those costs and shall pay the same upon first demand. Such costs include but not limited to attestation and translation costs, fees of third party debt collection agencies, lawyer's fees and communication/postal costs.

- Section 13 Lien

13.1 It is agreed and acknowledged that a lien over the Vessel is created for the price of the Products supplied together with any interest accrued. The Buyer, if not the Owner of the Vessel, hereby expressly warrants that they have full authority of the Agents/Traders/Owners/Managers/Operators/Charterers to pledge the Vessel in favour of the Seller and that they have given notice of the provisions of this Contract to them. The Seller shall not be bound by any attempt by any person to restrict, limit or prohibit its lien(s) attaching to a Vessel.

13.2 The laws of the United States, including but not limited to the Commercial Instruments and Maritime Lien Act, shall always apply with respect to the existence of a maritime lien, regardless of the country in which the Seller takes legal action. The Seller shall be entitled to assert its rights of lien or attachment or other rights, whether in law, in equity, or otherwise, in any jurisdiction where the Vessel may be found.

**(b) <u>The First Invoice</u>**

8. On or about May 13 and 14, 2018, pursuant to Dan Bunkering's Standard Terms and Conditions of Sale, Dan Bunkering provided bunkers to the IVER BLESSING.

9. On or about May 21, 2018, Dan Bunkering issued Invoice No. 59860 for the bunkers, which totaled $273,491.02. A copy of Invoice No. 59860 is attached as **Exhibit 2**.

10. The bunkers supplied to the IVER BLESSING by Dan Bunkering constitute necessaries within the meaning of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31301 *et seq.*

11. In providing the bunkers, as necessaries to the IVER BLESSING, Dan Bunkering relied on the credit of the Vessel.

12. The necessaries delivered to the IVER BLESSING were ordered by the IVER BLESSING and/or its charterers, General Oil Co., Inc., presumed under 46 U.S.C. § 31341 to have authority to procure necessaries for the IVER BLESSING and to incur liens against the vessel.

13. Certain payments were made towards Invoice No. 59860, leaving a balance owing (exclusive of interest) in the amount of $65,466.68,

**(c) The Second Invoice**

14. On or about July 19, 2018, pursuant to Dan Bunkering's Standard Terms and Conditions of Sale, Dan Bunkering provided bunkers to the IVER BLESSING.

15. On or about August 1, 2018, Dan Bunkering issued Invoice No. 60791 for the bunkers, which totaled $123,389.68.  A copy of Invoice No. 60791 is attached as **Exhibit 3**.

16. The bunkers supplied to the IVER BLESSING by Dan Bunkering constitute necessaries within the meaning of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31301 *et seq.*

17. In providing the bunkers, as necessaries to the IVER BLESSING, Dan Bunkering relied on the credit of the Vessel.

18. The necessaries delivered to the IVER BLESSING were ordered by the IVER BLESSING and/or its charterers General Oil Co., Inc. presumed under 46 U.S.C. § 31341 to have authority to procure necessaries for the IVER BLESSING and to incur liens against the vessel.

4

19. Invoice No. 59860 remains unpaid, leaving a total owing (exclusive of interest) of $123,389.68.

**(d) Interest and Liquidated Damages**

20. Pursuant to Section 5.7 of Dan Bunkering's Standard Terms and Conditions of Sale, Dan Bunkering is entitled to interest at a rate of 2% per month. As of May 21, 2019, $ $11,427.75 in interest is outstanding and continues to accrue.

21. Pursuant to Section 5.3 of Dan Bunkering's Standard Terms and Conditions of Sale, Dan Bunkering is entitled to recover 20% of the total outstanding amount.

## RULE C ARREST

22. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 21 and incorporates those allegations herein.

23. As a result of Defendants' failure to pay the amounts owed to Dan Bunkering for the necessaries supplied to the IVER BLESSING on orders of persons authorized to procure necessaries on behalf of the Vessel give rise to maritime liens under the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31301 *et seq.* in favor of Dan Bunkering in the amounts as follows:

- Invoice 59680: $65,466.68

- Invoice 60791: $123,389.68

- Interest as of May 21, 2019 $11,427.75

24. Therefore, the claims of Dan Bunkering total $200,284.11, plus 2% interest, pre and post judgment interest, disbursements, costs, and reasonable attorneys' fees. Dan Bunkering respectfully requests that the Court enter judgment on this amount. Dan Bunkering is also entitled to 20% of the amount outstanding.

25. It is common in Rule C arrest cases for the security (for the applicable costs, fees, interest, etc.) to be set at one and a half times the fairly stated claim and, therefore, Plaintiffs seek an Order of Arrest in the amount of $300,426.17. *See* Supplemental Rule E (5) (permitting substitute security up to twice the amount of the Plaintiff's fairly stated claim to cover interest, costs, fees, etc.).

26. Pursuant to local rules, Plaintiffs agree to hold harmless and indemnify the U.S. Marshal and all of his deputies from any and all liability as a result of arresting the IVER BLESSING as well as any other property of the Defendants within the District.

**WHEREFORE**, Dan Bunkering prays for the following relief:

A.  That this Verified Complaint be deemed good and sufficient;

B.  Process according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction, particularly Rule C of the Supplemental Rues for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, may issue against the IVER BLESSING her engines, freight, tackle, appurtenances, apparel, etc. and other property aboard said vessel and appurtenances thereto., *in rem*.

C.  After due proceedings, there be judgment rendered in favor of Dan Bunkering (America) Inc. and against the IVER BLESSING her engines, freight, tackle, appurtenances, apparel, etc. and other property aboard said vessel and appurtenances, *in rem*, and against HB Tankship I.V. BV and that the IVER BLESSING be condemned and sold to satisfy the judgment to be entered in favor of Dan Bunkering (America) Inc. in the full amount of its claims, together with interest, costs, and attorneys' fees, as set forth above.

D. That this Court issue a warrant of arrest of all property of HB Tankship I.V. BV

aboard the IVER BLESSING.

Respectfully Submitted By:

**ADAMS AND REESE LLP**

*/s/ Neal C. Townsend*
NEAL C. TOWNSEND
(TOWNN0210)
11 North Water Street, Suite 23200
Mobile, Alabama 36602
Tel: (251) 433-3234
Fax: (251) 438-7733
Email: neal.townsend@arlaw.com
*Attorneys for Dan Bunkering (America) Inc.*

<u>VERIFICATION</u>

I, Matthew C. Guy, am an attorney at the law form of Adams and Reese LLP, counsel to plaintiff Dan Bunkering (America) Inc. I am authorized by Dan Bunkering (America) Inc. to make this Verification. The facts set forth in the Verified Complaint are true and correct based upon information provided to me as attorney for Dan Bunkering (America) Inc.. The reason this Verification is made by the undersigned is that I am the attorney for Dan Bunkering (America) Inc., which does not have officers or directors within this District.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

_____
Matthew C. Guy

HUNTER J. SCHOEN
NOTARY # 152621
NOTARY PUBLIC
COMMISSION FOR LIFE

SWORN TO AND SUBSCIBED

BEFORE ME THIS 21 DAY OF MAY 2019